# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MEMORY TECHNOLOGIES, LLC, a Nevada company,<br><br>Plaintiff,<br><br>vs.<br><br>KINGSTON TECHNOLOGY CORPORATION, a California corporation, KINGSTON TECHNOLOGY COMPANY, INC. a Delaware corporation,<br><br>Defendants. | Case No. 8:18-cv-00171-JLS-JDE<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to the Stipulation of the Parties (Dkt. 39), the Court finds and orders as follows:

/ / /

/ / /

/ / /

1

## PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of

information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The parties further acknowledge, as set forth in Section 14, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Civil Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006); *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of

good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Confidential Information that a party seeks to file under seal. The parties' mere designation of Materials as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" does not—without the submission of competent evidence by declaration, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable—constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*., 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file

STIPULATED PROTECTIVE ORDER

4841-1560-1772.v1

documents under seal in their entirety should include an explanation of why redaction is not feasible.

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "Materials" will include, but is not limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; canceled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably useable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

5

STIPULATED PROTECTIVE ORDER

4841-1560-1772.v1

3. The term "Counsel" will mean outside counsel of record, and other attorneys, secretaries, and other support staff employed in the law firms identified as follows: Pillsbury Winthrop Shaw Pittman LLP and Lee & Hayes PLLC.

GENERAL RULES

4. Each party to this litigation that produces or discloses ay materials, answers to interrogatories, responses to requests for admission, transcripts of depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

    a. Designation as "CONFIDENTIAL": Any party may use the "CONFIDENTIAL" designation only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information and/or Materials could be potentially prejudicial to the business or operations of such party.

    b. Designation as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY": any party may use the "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation only if, in the good faith belief of such party and its Counsel, such information and/or Materials is considered to be highly sensitive by the party, including, without limitation, trade secret or other confidential research, development, financial, or other highly sensitive commercial or business information and/or Materials.

5. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a. A party may designate the deposition or any portion thereof as containing Confidential Information subject to the provisions of this Order. Such designation shall be made on the record whenever possible, but a party shall have until fourteen (14) days after receipt of such deposition transcript to inform the adverse party of any portion(s) of the deposition and/or transcript thereof to be designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY." Until the expiration of the fourteen (14) day period, all depositions and deposition transcripts shall be treated as if designated "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" in their entirety. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

b. The disclosing party will have the right to exclude from attendance at the deposition, only during such time as information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" is to be disclosed, any person, other than the deponent and other than those individuals permitted access under this Order, the court reporter, and any person(s) agreed upon by the parties; and

c. The originals of the deposition transcripts and all copes of the depositions must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" as appropriate, and the original and any copy ultimately presented to a court for filing must not be filed unless it can be

STIPULATED PROTECTIVE ORDER

4841-1560-1772.v1

accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

6. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons permitted access in this Order and must be handled in a manner set forth below, unless and until such designation is removed either by agreement of the parties, or by order of the Court, and, in any event, notwithstanding anything to the contrary herein, all information and Materials exchanged during discovery in this litigation must not be used for any purpose other than in connection with this litigation.

7. All Confidential Information designated as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may be viewed only by Counsel of the receiving party, the Court and its personnel, court reporters and their staff, and by Independent Experts. The right of any Independent Expert to receive or access any Confidential Information will be subject to the advance approval of such expert by the producing party or as approved by the Court. The party seeking approval of an Independent Expert must provide written notice to Counsel for the producing party, which notice shall include: (a) the individual's name and business title, (b) business address and country of residence, (c) business or profession, (d) the individual's curriculum vitae, (e) any previous or current relationship (personal or professional) with any of the parties, (f) a list of other cases in which the individual has testified (at trial or deposition) within the last four (4) years, (g) a list of all

companies with which the individual has consulted or by which the individual has been employed within the last four (4) years and the time period(s) and brief description and subject matter of each consultancy or employment, and (h) an executed copy of the form attached hereto as Exhibit A.  Any objection by the producing party to an Independent Expert receiving Confidential Information must be made in writing within fourteen (14) days after receipt of the identification of proposed Independent Expert.  Confidential Information may be disclosed to an Independent Expert if the fourteen (14) day period has expired and no objection has been made.  The approval of Independent Experts shall not be unreasonably withheld.

       8.     All Confidential Information designated "CONFIDENTIAL" may be viewed only by Counsel of the receiving party, by Independent Experts, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms:

       a.     the officers, directors, and employees (including in-house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

       b.     the Court and its personnel;

       c.     court reporters and their staff;

       d.     stenographic and clerical employees associated with the individuals identified above;

e. vendors with whom Counsel of Record for the parties to this action have contracted for clerical functions, such as copying of documents or preparation of exhibits.

9. In addition to the individuals listed above, Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may also be viewed by independent legal translators retained to translate in connection with this action, and mock jurors or jury consultants and/or trial consultants retained by Counsel in this action, provided, however, that any such individual identified in this paragraph has read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A in advance of access.

10. With respect to all Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" any person indicated on the face of the document to be its originator, author or the recipient of a copy of the document, may be shown the same.

11. Absent written consent from the producing party, any individual who receives access to "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" technical information shall not be involved in the prosecution of patents or patent applications relating to the "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" technical information, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the

STIPULATED PROTECTIVE ORDER

United States Patent and Trademark Office ("the Patent Office").  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.   To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* review or reexamination). The "Prosecution Bar" in this paragraph shall begin when access to "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" technical information is first received by the affected individual and shall end two (2) years after final termination of this action.

12. All Confidential Information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by the producing or disclosing party, and any and all reproductions of that information and/or Material, must be retained in the custody of the Counsel of Record for the receiving party in a secure location to ensure compliance with this Order, except that Independent Experts authorized to view such information under this Order may retain custody of copies such as are necessary for their participation in this litigation in a secure location to ensure compliance with this Order.

13. At any stage of the proceedings, any party may object to the "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation of any Confidential Information.  The challenging party shall initiate the dispute resolution process under Local Rule 37-1 *et seq*.  Any challenge

11

STIPULATED PROTECTIVE ORDER

4841-1560-1772.v1

submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2. The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Unless the designating party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the Court rules on the challenge.

14. A party that seeks to file under seal any Confidential Information must comply with Local Civil Rule 79-5 and Section 7 of the Court's Standing Order. Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information. If a party's request to file Confidential Information under seal is denied by the Court, then the receiving party may file the information in the public record unless otherwise instructed by the court.

15. All Confidential Information must be held in confidence by those authorized by this Order to inspect or receive it, and must be used only for purposes of this action. Counsel for each party, and each person receiving or accessing Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such Confidential Information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must

STIPULATED PROTECTIVE ORDER

4841-1560-1772.v1

immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

16. No party will be responsible to another party for disclosure of Confidential Information under this Order if the Confidential Information in question is not labeled or otherwise designated in accordance with this Order.

17. If a party, through inadvertence, produced any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is to be designated, as appropriate, "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and that the document or thing produced shall be treated as such in accordance with that designation under this Order. The receiving party shall treat such designated Confidential Information in accordance with this Order, once the designating party so notified the receiving party. If the receiving party has disclosed such Confidential Information before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure, and the receiving party will make every effort to prevent disclosure by the party and by the person(s) receiving such inadvertently produced Confidential Information. Counsel for the parties will agree on a mutually acceptable manner of

13

STIPULATED PROTECTIVE ORDER

4841-1560-1772.v1

labeling or marking the inadvertently produced Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

18. Nothing in this Order will prejudice the right of any party to object to the production of any discovery on the grounds that such Confidential Information is protected as privileged or as attorney work product.

19. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying on any Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," provided that the contents of the Confidential Information must not be disclosed to those not authorized by this Order.

20. This Order shall be without prejudice to the right of any party to oppose production of any Confidential Information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

21. Nothing in this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

22. Nothing in this Order will be construed to conflict with laws regulating the exportation of certain types of information, Materials, or devices outside the United States.

23. Unless otherwise agreed by the parties in writing, within sixty (60) days after the Final Disposition of this action, as defined below, each receiving party must return all Confidential Information to the producing party or destroy such Confidential Information. Whether the Confidential Information is returned or destroyed, Counsel for the receiving party must submit a written certification to Counsel for the producing party (and, if not the same person or entity, to the designating party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Confidential Information that was returned or destroyed and (2) affirms that the receiving party has not retained any Confidential Information or copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Confidential Information. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order as set forth herein. Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until a designating party agrees otherwise in writing or a Court otherwise directs. As used herein, "Final Disposition" means the later of (1) dismissal of all claims and defenses in this action, with or without prejudice, and (2) final judgment in this action after the completion and exhaustion of all appeals,

rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

24. The restrictions and obligations set forth in this Order shall not apply to any Confidential Information that (a) the parties mutually agree should not be subject to this Order; (b) the parties mutually agree, or the Court rules, is already public knowledge; (c) the parties mutually, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

25. The restrictions and obligations in this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

26. Transmission by email is acceptable for all notification purposes within this Order.

27. This Order may be modified by the parties only by written agreement, subject to approval by the Court.

28. The Court may modify the protective order in the interests of justice or for public policy reasons.

29. Even after termination of this action, the confidentiality and other obligations imposed by this Order shall remain in effect until the producing party

agrees otherwise in writing or the Court otherwise directs.  Any Final Disposition of this action as to any or all parties will include a specific provision that the Court will retain jurisdiction to enforce the terms of this Order for a period of two (2) years following such Final Disposition unless otherwise ordered by the Court.  The parties, Counsel, and any individual who receives any Confidential Information authorized by this Order consents to the personal jurisdiction of the Court for that purpose.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 13, 2018

_____
JOHN D. EARLY
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *Memory Technologies, LLC v. Kingston Technology Corporation et al.*, Case No. 8:18-cv-00171-JLS-JDE. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
   [printed name]

Signature: _____